IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAVIER ANGULO JR., : | |
| : | |
| Plaintiff, : | Case No. 1:22-cv-00923 |
| : | |
| v. : | Judge Virginia M. Kendall |
| : | |
| EQUIFAX INFORMATION SERVICES, LLC; : | |
| and TRUIST BANK d/b/a SHEFFIELD : | |
| FINANCIAL, : | |
| : | |
| Defendants. : | |
| : | |

**DEFENDANT SHEFFIELD FINANCIAL'S
MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendant Sheffield Financial, a division of Truist Bank (erroneously sued as "Truist Bank d/b/a Sheffield Financial") ("Sheffield"), by and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(c), hereby moves for judgment on the pleadings.

Plaintiff Javier Angulo, Jr. ("Plaintiff") raises a single claim against Sheffield for violation of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA"). Plaintiff alleges his account with Sheffield was fully satisfied, but is reporting with a "current" past due status. Plaintiff's claim ignores the information on his report and the law (including recent case law) rejecting his past due status claim.

Plaintiff's credit report shows that: (i) the account's reported balance is $0; (ii) the account is reported as "closed"; (iii) the amount past due is $0; (iv) the last payment was made on January 1, 2020 and brought the account balance to $0 (the same date the account was reported as being closed); (v) the account has a debt-to-credit ratio of 0% (calculated by "dividing an account's reported balance by its credit limit"); and (vi) the account was thirty days past due in March, July, and December 2019. Despite all of this information making clear that Plaintiff owes no money to

Sheffield and thus could not be past due, Plaintiff claims that, *when read alone*, the status of "30 Days Past Due" could be misinterpreted to mean that his account was "currently" past due as opposed to past due prior to the closure of the account. Compl., ¶¶ 15–16.

As myriad courts across the United States have concluded in nearly identical pay status cases, Plaintiff's claim fails because a reasonable juror could not find the information, taken as a whole, to be inaccurate or materially misleading. As discussed in more detail in the accompanying Memorandum of Law, which is incorporated herein by reference, Sheffield respectfully requests that this Court grant its motion for judgment on the pleadings and dismiss Plaintiff's Complaint with prejudice.

Respectfully submitted,

Dated: June 9, 2022

/s/ *Daniel JT McKenna*
Daniel JT McKenna
Ballard Spahr LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: (215) 665-8500
Facsimile: (215) 864-8999
mckennad@ballardspahr.com

Alan M. Ritchie
Pilgrim Christakis LLP
321 North Clark Street, 26th Floor
Chicago, IL 60654
Telephone: (312) 939-6580
Facsimile: (312) 939-0983
aritchie@pilgrimchristakis.com

*Attorneys for Defendant,*
*Sheffield Financial, a division of Truist Bank*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of June 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, and that notice of such filing was made electronically on all counsel of record.

*/s/ Daniel JT McKenna*
Daniel JT McKenna