**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| JAVIER ANGULO JR., | : | |
| | : | |
| Plaintiff, | : | Case No. 1:22-cv-00923 |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EQUIFAX INFORMATION SERVICES, LLC; | : | |
| and TRUIST BANK d/b/a SHEFFIELD | : | |
| FINANCIAL, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**DEFENDANT SHEFFIELD FINANCIAL'S MEMORANDUM OF
LAW IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS**


Dated: June 9, 2022

/s/ *Daniel JT McKenna*
Daniel JT McKenna
Ballard Spahr LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: (215) 665-8500
Facsimile: (215) 864-8999
mckennad@ballardspahr.com

Alan M. Ritchie
Pilgrim Christakis LLP
321 North Clark Street, 26th Floor
Chicago, IL 60654
Telephone: (312) 939-6580
Facsimile: (312) 939-0983
aritchie@pilgrimchristakis.com

*Attorneys for Defendant,
Sheffield Financial, a division of Truist Bank*

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................................. 1

II. STATEMENT OF FACTS .................................................................................................... 3

III. ARGUMENT ......................................................................................................................... 6

    A. Standard for Dismissal under Rule 12(c). .................................................................. 6

    B. Sheffield Furnished Accurate Information. ............................................................... 7

IV. CONCLUSION .................................................................................................................... 12

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Adams v. City of Indianapolis*,
　742 F.3d 720, 729 (7th Cir. 2014) ...................................................................................1, 6

*Badwan v. Wells Fargo Bank, NA*,
　No. 21 C 4666, 2022 U.S. Dist. LEXIS 67355 (N.D. Ill. Apr. 12, 2022)................................7

*Bibbs v. Trans Union*,
　521 F. Supp. 3d 569 (E.D. Pa. 2021), appeal filed, No. 21-1350 (3d Cir. Feb.
　24, 2021) ............................................................................................................... *passim*

*Bishop v. Air Line Pilots Ass'n, Int'l*,
　900 F.3d 388 (7th Cir. 2018) ..............................................................................................6

*Buchanan-Moore v. Cty. of Milwaukee*,
　570 F.3d 824 (7th Cir. 2009) ..............................................................................................7

*Denan v. Trans Union LLC*,
　959 F.3d 290 (7th Cir. 2020) ..............................................................................................6

*Duren v. TransUnion, LLC*,
　No. 1:20-CV-02146-CL, 2021 U.S. Dist. LEXIS 149256 (D. Or. May 14,
　2021) ..............................................................................................................................2, 9

*Glover v. Carr*,
　949 F.3d 364 (7th Cir. 2020) ............................................................................................12

*Gross v. Private Nat'l Mortg. Acceptance Co., LLC.*,
　512 F. Supp. 3d 423 (E.D.N.Y 2021) ...................................................................... *passim*

*Grossman v. Barclays Bank Delaware*,
　No. 12-6238 (PGS) (LHG), 2014 U.S. Dist. LEXIS 20149 (D.N.J. Feb. 18,
　2014) ................................................................................................................................11

*Hernandez v. Trans Union LLC*,
　No: 3:19cv1987-RV/EMT, 2020 U.S. Dist. LEXIS 249358 (N.D. Fla. Dec.
　10, 2020) ................................................................................................................ *passim*

*Jackson v. Trans Union, LLC*,
　No. 21-023, 2021 U.S. Dist. LEXIS 235140 (E.D. Pa. Dec. 6, 2021)....................................10

*Khosa v. Transunion*,
　No. 6:21-cv-00160-MC, 2022 U.S. Dist. LEXIS 14475 (D. Or. Jan. 26, 2022) .............2, 9, 11

*Macik v. JPMorgan Chase Bank, N.A.*,
  No. G-14-044, 2015 U.S. Dist. LEXIS 185257 (S.D. Tex. May 28, 2015) ............................ 11

*Milwaukee Police Ass'n v. Flynn*,
  863 F.3d 636 (7th Cir. 2017) ................................................................................................. 7

*N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*,
  163 F.3d 449 (7th Cir. 1998) ................................................................................................. 7

*Rider v. Equifax Info. Servs. LLC*,
  No. 2:19-cv-13660, 2020 U.S. Dist. LEXIS 99265 (E.D. Mich. June 5, 2020) .................... 10

*Samoura v. Trans Union*,
  No. 20-5178, 2021 U.S. Dist. LEXIS 44669 (E.D. Pa Mar. 10, 2021) ....................... 7, 8, 9, 11

*Schweitzer v. Equifax Info. Servs., LLC*,
  441 F. App'x. 896 (3d Cir. 2011) ......................................................................................... 11

*Settles v. Trans Union, LLC*,
  No. 3:20-cv-00084, 2020 U.S. Dist. LEXIS 220341 (M.D. Tenn. Nov. 24,
  2020) .............................................................................................................................. *passim*

*Soler v. Trans Union, LLC*,
  No. CV 20-8459, 2021 U.S. Dist. LEXIS 245903 (C.D. Cal. Nov. 29, 2021) ..................... 11

*Taha v. Int'l Bhd. of Teamsters, Local 781*,
  947 F.3d 464 (7th Cir. 2020) ................................................................................................. 6

*Thompson v. Equifax Info. Servs., LLC*,
  441 F. Supp. 3d 533 (E.D. Mich. 2020) ............................................................................... 10

*Walker v. Trans Union LLC*,
  Nos. 20-5179 & 20-5235, 2021 U.S. Dist. LEXIS 236520 (E.D. Pa. Dec. 10,
  2021) ...................................................................................................................................... 9

**Statutes**

Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ......................................................... *passim*

**Other Authorities**

Federal Rule of Civil Procedure 12 ...................................................................................... 1, 6, 7

Defendant Sheffield Financial, a division of Truist Bank (erroneously sued as "Truist Bank d/b/a Sheffield Financial") ("Sheffield"), by and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(c), hereby submits this Memorandum of Law in support of its Motion for Judgment on the Pleadings (the "Motion").

**I.     INTRODUCTION**

Plaintiff claims he paid off his Sheffield account ending in 0903 (the "Account"). Plaintiff's Complaint ("Complaint") (Dkt. 1), ¶ 12. The Account was past due at the time it was paid off. After paying off the Account, Plaintiff's credit report reflected that: (i) the Account's balance is $0; (ii) the Account was "closed" as of January 1, 2020; (iii) the amount past due is $0; (iv) the last payment was made on January 1, 2020, which brought the account balance to $0; (v) the Account has a debt-to-credit ratio of 0% (calculated by "dividing an account's reported balance by its credit limit"); and (vi) the Account was thirty (30) days past due in March, July, and December 2019 (immediately prior to the closure of the Account). *See* Sheffield Financial's Answer & Affirmative Defenses ("Answer") (Dkt. 13), Exhibit 1.[1]

Despite the credit report plainly showing that the Account was closed with nothing due or owing, Plaintiff argues that the past due status, when read alone and without the context of the other data (which would be fully available to any creditor reviewing Plaintiff's credit report), makes the Account appear as though it is currently past due as opposed to past due when it was

---

[1] The Court may rely upon the exhibit attached to Sheffield's Answer in deciding whether to grant Sheffield's Motion. *See, e.g.*, *Adams v. City of Indianapolis*, 742 F.3d 720, 729 (7th Cir. 2014) (reasoning that documents "referred to in the plaintiff's complaint and [which] are central to his claim" may be attached to the answer and considered as part of the pleadings). Indeed, Plaintiff extensively refers to, but does not attach, his credit report to the Complaint. Compl., ¶¶ 15–16, 18, 26. As a result, Sheffield attached the credit report to its Answer. Thus, the Court may consider the credit report in rendering its decision on the Motion.

paid off. *Id.* ¶¶ 14–16.

Plaintiff cannot read the pay status entry in isolation to manufacture a FCRA claim. When that entry is read in context of the other data on the report, it is clear the status refers to the Account's ***historical*** pay status. Indeed, courts across the United States have rejected Plaintiff's exact argument, and have concluded that a credit report must be read in its entirety and, when similar pay statuses are read in context, they are clearly not misleading.² *See, e.g.*, *Bibbs v. Trans Union*, 521 F. Supp. 3d 569, 571–72 (E.D. Pa. 2021), appeal filed, No. 21-1350 (3d Cir. Feb. 24, 2021), (granting motion to dismiss on nearly identical claim because pay status is clearly historical and not misleading when read in context of entire credit report); *id.* ("As the judges in *Hernandez*, *Settles* and *Gross* explained, we must view the account information given to the creditor ***in its entirety***, and doing so, the reported information is accurate as a matter of law.") (emphasis added); *Gross v. Private Nat'l Mortg. Acceptance Co., LLC*., 512 F. Supp. 3d 423, 425 (E.D.N.Y. 2021) (granting motion to dismiss on nearly identical claim); *id.* at 426–47 ("If a creditor read the 'Pay Status' entry in isolation, the creditor might conclude that the account was currently past due. But when the creditor read the rest of the entries, the creditor would surely forego that conclusion. The credit report contains several other entries that show that the '30 Days Past Due' refers to the period when payments were due . . . ."); *Khosa v. Transunion*, No. 6:21-cv-00160-MC, 2022 U.S. Dist. LEXIS 14475, at *6 (D. Or. Jan. 26, 2022) ("Both courts in *Settles* and *Gross* concluded that reporting a pay status as past due would not reasonably mislead a creditor to believe the plaintiffs' payments were currently past due because the reports were accurate portrayals of the accounts as a whole. Plaintiff's claim here is remarkably similar. . . ."); *Duren v. TransUnion, LLC*, No. 1:20-

---

²     Plaintiff's claim is part of a wave of past due pay status FCRA cases filed in the past few years.

CV-02146-CL, 2021 U.S. Dist. LEXIS 149256, at *6–7 (D. Or. May 14, 2021) ("[P]laintiff argues 'it is patently inaccurate to report the loan as "120 days or more than four payments past due," because there is nothing owed to Defendant." . . . This argument fails as a matter of law because it requires this Court to limit review to the entry that reads 'Payment Rating: 6-180 or more days past the due date' and ignore all other tradelines in the report. As the judges in *Bibbs*, *Hernandez*, *Settles* and *Gross* explained, we must view the account information given to the creditor in its entirety, and in doing so, the reported information is accurate as a matter of law."), *report and recommendation adopted*, 2021 U.S. Dist. LEXIS 151956 (D. Or. Aug. 12, 2021); *Hernandez v. Trans Union LLC*, No: 3:19cv1987-RV/EMT, 2020 U.S. Dist. LEXIS 249358, at *8 (N.D. Fla. Dec. 10, 2020) ("On the facts of this case, ***when the Account is viewed in its entirety***, it becomes abundantly clear that it was accurately reported and does not misleading[ly] suggest that the plaintiff is 'still late' on the Account. On its face, the credit report reflects that as of March 8, 2018, the Account (1) had a balance of $0; (2) was last updated on March 7, 2016; (3) was closed on March 7, 2016; (4) was 120 days past due from October 2015 through March 2016; (5) was settled for less than the full balance; and (6) had no past due amount. Objectively, no reasonable creditor looking at the report would be misled into believe that the plaintiff was 'still late' on the Account.") (emphasis added); *Settles v. Trans Union, LLC*, No. 3:20-cv-00084, 2020 U.S. Dist. LEXIS 220341, at *9–10 (M.D. Tenn. Nov. 24, 2020) ("The Court finds that the reported information, ***taken as a whole***, is neither inaccurate nor materially misleading.") (emphasis added).

For the foregoing reasons, discussed in further detail below, judgment should be entered in favor of Sheffield.

## II. STATEMENT OF FACTS

Plaintiff's Account was closed in January 2020. Answer, Ex. 1, pp. 40–42. Plaintiff's September 8, 2021 Equifax credit report shows the Account as follows:

3

## 4.4 SHEFFIELD FINANCIAL (CLOSED)

### Summary

Your debt-to-credit ratio represents the amount of credit you're using and generally makes up a percentage of your credit score. It's calculated by dividing an account's reported balance by its credit limit.

| | |
|---|---|
| **Account Number** | xxxxxx 0903 |
| **Account Status** | NOT_MORE_THAN_TWO_PAYMENTS_PAST_DUE |
| **Available Credit** | |
| **Reported Balance** | $0.00 |
| **Debt-to-Credit Ratio** | 0% |

The tables below show up to 2 years of the monthly balance, available credit, scheduled payment, date of last payment, high credit, credit limit, amount past due, activity designator, and comments.

### Payment History

View up to 7 years of monthly payment history on this account. The numbers indicated in each month represent the number of days a payment was past due; the letters indicate other account events, such as bankruptcy or collections.

**2021**

| Jan | Feb | Mar | Apr | May | Jun |
|---|---|---|---|---|---|
| Jul | Aug | Sep | Oct | Nov | Dec |

**2020**

| Jan | Feb | Mar | Apr | May | Jun |
|---|---|---|---|---|---|
| Jul | Aug | Sep | Oct | Nov | Dec |

**2019**

| Jan | Feb | Mar | Apr | May | Jun |
|---|---|---|---|---|---|
| ✔ | ✔ | 30 | ✔ | ✔ | ✔ |
| Jul | Aug | Sep | Oct | Nov | Dec |
| 30 | ✔ | ✔ | ✔ | ✔ | 30 |

**2018**

| Jan | Feb | Mar | Apr | May | Jun |
|---|---|---|---|---|---|
| ✔ | ✔ | ✔ | ✔ | ✔ | ✔ |
| Jul | Aug | Sep | Oct | Nov | Dec |
| ✔ | ✔ | ✔ | ✔ | ✔ | ✔ |

**2017**

| Jan | Feb | Mar | Apr | May | Jun |
|---|---|---|---|---|---|
| Jul | Aug | Sep | Oct | Nov | Dec |
| | | ✔ | ✔ | ✔ | ✔ |

**2016**

| Jan | Feb | Mar | Apr | May | Jun |
|---|---|---|---|---|---|
| Jul | Aug | Sep | Oct | Nov | Dec |

| | | | | |
|---|---|---|---|---|
| ✔ | Paid on Time | | 30 | 30 Days Past Due |
| 60 | 60 Days Past Due | | 90 | 90 Days Past Due |
| 120 | 120 Days Past Due | | 150 | 150 Days Past Due |
| 180 | 180 Days Past Due | | C | Collection Account |
| CO | Charge-off | | B | Included in Bankruptcy |
| V | Voluntary Surrender | | R | Repossession |
| F | Foreclosure | | TN | Too New to Rate |
| | No data available | | | |

### Account Details

View detailed information about this account. Contact the creditor or lender if you have any questions about it.

| | |
|---|---|
| **High Credit** | $5,294.00 |

4



Answer, Ex. 1. Among other things, this report shows:

- the Account has a $0 reported balance;

- the Account was "closed" in January 2020;

- the Account has a $0 reported past due balance;

- the last payment on the Account was made on January 1, 2020 and brought the balance to $0;

- the Account has a debt-to-credit ratio of 0% (calculated by "dividing an account's reported balance by its credit limit");

- the Account was thirty days past due in March, July, and December 2019 (immediately preceding the closure of the Account in January 2020); and

- the Account has a $0 scheduled payment amount.

Answer, Ex. 1.

Plaintiff alleges that his credit report includes a status of "30 days past due" which he claims is misleading because it can be misinterpreted to mean current status. Compl. ¶¶ 15–16. Plaintiff alleges he submitted a dispute to Experian on or about June 4, 2021 claiming the account was "inaccurate[ly]" reporting with a status of "30 days past due."[3] Compl., ¶¶ 15, 18. Plaintiff alleges Sheffield failed to perform a reasonable investigation into that dispute in violation of the FCRA. *Id.* ¶ 22.

### III. ARGUMENT

#### A. Standard for Dismissal under Rule 12(c).

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion under Rule 12(c) "is governed by the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Adams v. City of Indianapolis*, 742 F.3d 720, 727–28 (7th Cir. 2014). Thus, "[t]o survive a motion for judgment on the pleadings, 'a complaint must state a claim to relief that is plausible on its face.'" *Denan v. Trans Union LLC*, 959 F.3d 290, 293 (7th Cir. 2020) (quoting *Bishop v. Air Line Pilots Ass'n, Int'l*, 900 F.3d 388, 397 (7th Cir. 2018)). The Court need not accept legal assertions, "sheer speculation, bald assertions, [or] unsupported conclusory statements," nor must the Court "ignore facts set forth in the complaint that undermine the plaintiff's claim." *Taha v. Int'l Bhd. of Teamsters, Local 781*, 947 F.3d 464, 469 (7th Cir. 2020); *Bishop*, 900 F.3d at 397 (citation

---

[3] Plaintiff did not attach a copy of his credit report or dispute letter to the Complaint (which is why Sheffield had to answer and move for judgment, as opposed to moving to dismiss). Sheffield presumes it is a typo that Plaintiff alleges the report says "30 days past due" when it in fact states "not more than two payments past due." (Dkt. 13, Ex. 1.) Regardless, the legal issue and impact in this Motion are the same. However, if the dispute letter objected to reporting that is different than what was actually reported, Plaintiff's claim would fail for that independent reason.

6

omitted); *Buchanan-Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009). In ruling on a Rule 12(c) motion, a court will consider the pleadings, including the complaint, answer, and documents attached as exhibits to the complaint and answer, documents incorporated by reference to the pleadings, and matters that are properly subject to judicial notice. *Milwaukee Police Ass'n v. Flynn*, 863 F.3d 636, 640 (7th Cir. 2017) (citation omitted); *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998).

### B. Sheffield Furnished Accurate Information.

To pursue a claim under the FCRA, the information reported must be factually wrong or misleading. *Badwan v. Wells Fargo Bank, NA*, No. 21 C 4666, 2022 U.S. Dist. LEXIS 67355, at *7 (N.D. Ill. Apr. 12, 2022) (noting that "courts have held that inaccurate credit information includes both factually incorrect information and information that creates a misleading impression") (internal quotations and citation omitted). Plaintiff's claim fails because no reasonable juror could misinterpret the "account status" or "pay status" field on his credit report to mean the Account's "current" pay status under these facts. *See, e.g.*, *Bibbs*, 521 F. Supp. 3d at 580; *Samoura v. Trans Union*, No. 20-5178, 2021 U.S. Dist. LEXIS 44669 at *1 (E.D. Pa Mar. 10, 2021).

The plaintiff in *Samoura* brought a similar claim, alleging that reporting the pay status of "120 Days Past Due" was misleading because it suggested that the account was "currently" past due even though the plaintiff was no longer obligated to make payments under the loan. *Samoura*, 2021 U.S. Dist. LEXIS 44669 at *1. One of the four credit reports at issue there was as follows:

7

*Id.* at *4. In moving to dismiss, the defendant argued that pay status does not state, or even suggest, that it is a *current* pay status, and when considered in context of the other data, such as "date closed" and $0 balance, it is clear that the pay status entry reflects a historical past due status. *Id.* at *4. The court agreed, reasoning:

> "Like the consumers in *Settles*, *Hernandez*, and *Gross*, Ms. Samoura asks us to limit our review to the Pay Status, which reads ">Account 120 Days Past Due Date<", ignore all other tradelines, and determine a reasonable creditor would mistakenly believe she currently owes past due payments on these accounts. We decline this invitation. Nearly every tradeline contains evidence Ms. Samoura owed FedLoan money in the past, failed to make timely payments throughout 2014 and into 2015, but has no continuing obligation to FedLoan. The "Date Updated" field lists February/March 2015, signaling the "Pay Status" of the FedLoan accounts were 120 days past due as of February/March 2015. The Ratings Key, which does not provide data for the account past March 2015, further bolsters this conclusion. And if this were not enough, the Date Closed, the Balance, and the Remarks all unequivocally confirm the account is closed with a zero-dollar balance.
>
> Ms. Samoura is essentially asking us to read in non-existing present tense language into the "Pay Status" field and ignore the Date Updated field, the Date Closed field, the Balance field, the Remarks field, and the Ratings field to conclude Trans Union reported inaccurate or misleading information. This we cannot do. As the judges in *Hernandez*, *Settles* and *Gross* explained, we must view the account information given to the creditor in its entirety, and in doing so, conclude the reported information is accurate as a matter of law."

8

*Id*. at *20–21. The Court granted the defendant's motion to dismiss because plaintiff failed to allege facts that could support a finding by a reasonable juror that her credit report was either patently incorrect or materially misleading. *Id*.

Numerous courts across the United States have reached the same conclusion. *See, e.g.*, *Bibbs*, 521 F. Supp. 3d at 580 (rejecting the argument the "Pay Status" field should be read with "non-existing present tense language" and by ignoring all other fields in the credit report); *Gross*, 512 F. Supp. 3d at 427 (determining a credit report should be read in context of all trade line entries by reasoning "[a]n account with a $0 balance cannot currently be past due — what would the debtor have to pay to bring the account current?"); *Khosa*, 2022 U.S. Dist. LEXIS 14475, at *6 ("Both courts in *Settles* and *Gross* concluded that reporting a pay status as past due would not reasonably mislead a creditor to believe the plaintiffs' payments were currently past due because the reports were accurate portrayals of the accounts as a whole. Plaintiff's claim here is remarkably similar. . . ."); *Duren*, 2021 U.S. Dist. LEXIS 149256, at *6–7 ("[P]laintiff argues 'it is patently inaccurate to report the loan as "120 days or more than four payments past due," because there is nothing owed to Defendant. . . . This argument fails as a matter of law because it requires this Court to limit review to the entry that reads 'Payment Rating: 6-180 or more days past the due date' and ignore all other tradelines in the report. As the judges in *Bibbs*, *Hernandez*, *Settles* and *Gross* explained, we must view the account information given to the creditor in its entirety, and in doing so, the reported information is accurate as a matter of law."); *Walker v. Trans Union LLC*, Nos. 20-5179 & 20-5235, 2021 U.S. Dist. LEXIS 236520, at *9–10 (E.D. Pa. Dec. 10, 2021) (noting that any "factual distinctions between accounts that were closed due to being transferred versus accounts that were closed because they were paid in full is . . . 'a distinction without a difference' and reasoning that there is a growing consensus that a credit report listing a presently-

9

closed account that was paid in full on the final payment as past due is not 'inaccurate' for purposes of the FCRA when the report, considered as a whole, demonstrates to a reasonable person that the account is, in fact, closed. . . . A credit report listing a 'Pay Status' or 'Status' as past due at some point in the past is not inaccurate as a matter of law when the credit report, considered as a whole, demonstrates to a reasonable person that the account was, is, and continues to be closed."); *Jackson v. Trans Union, LLC*, No. 21-023, 2021 U.S. Dist. LEXIS 235140, at *14–15 (E.D. Pa. Dec. 6, 2021) (same); *Hernandez*, 2020 U.S. Dist. LEXIS 249358, at *8 ("I am in full agreement with the district court decision in [*Settles*], which rejected the exact same argument that the plaintiff is advancing here. . . .") *Settles*, 2020 U.S. Dist. LEXIS 220341, at *13 (dismissing similar claim because it is implausible a creditor would be misled into believing the plaintiff is currently 120 days past due when the account is reporting as closed in February 2014 and having a zero-dollar balance); *see also Thompson v. Equifax Info. Servs.*, LLC, 441 F. Supp. 3d 533, 549 (E.D. Mich. 2020) (acknowledging that the Court must read the trade line as a whole and finding that any creditor or consumer of credit reports who read the entire trade line would not be misled); *Rider v. Equifax Info. Servs. LLC*, No. 2:19-cv-13660, 2020 U.S. Dist. LEXIS 99265, at *3–4 (E.D. Mich. June 5, 2020) (confirming credit report data fields cannot be read in isolation, and dismissing claim because context of credit report made clear that monthly payment data was historical).

      The same result is warranted here. Like the plaintiffs in the above cases, Plaintiff's claim requires the Court to read the pay status data in isolation, and to ignore the other data points which plainly demonstrate: (i) the Account's reported balance is $0; (ii) the Account was "closed" in January 2020 with a $0 balance; (iii) the amount past due is $0; (iv) the last payment was made on January 1, 2020, which brought the account balance to $0; (v) the Account has a debt-to-credit ratio of 0% (calculated by "dividing an account's reported balance by its credit limit"); and (vi)

the Account was thirty days past due in March, July, and December 2019 (immediately prior to the closure of the Account). Answer, Dkt. 13, Ex. 1, pp. 40–42. Against this full and complete picture of the Account's reporting, it impossible to contend that a pay status of "Not More Than Two Payments Past Due" could be misinterpreted to mean the Account was *currently* past due. *See, e.g.*, *Bibbs*, 521 F. Supp. 3d at 580; *Samoura*, 2021 U.S. Dist. LEXIS 44669; at *1.

Plaintiff's anticipated reliance on *Macik v. JPMorgan Chase Bank, N.A.*, No. G-14-044, 2015 U.S. Dist. LEXIS 185257 (S.D. Tex. May 28, 2015) is misguided, and has been firmly rejected by Courts addressing this issue. As the *Bibbs* court explained:

> Congress does not direct us to teach credit reporting agencies on the use of 'better' language. Our role is limited to determining whether the report is patently inaccurate or misleading. We are not venturing into speculative word games as to what Trans Union could otherwise say. Guided by our Court of Appeals' decision in *Schweitzer* as well as the well-reasoned, factually analogous opinions in *Settles*, *Hernandez*, and *Gross*, we find the reported information accurate as a matter of law.

521 F. Supp. 3d at 579; *see also Schweitzer v. Equifax Info. Servs.*, *LLC*, 441 F. App'x. 896, 902, 904 (3d Cir. 2011) (affirming summary judgment where plaintiff failed to demonstrate reporting of mortgage account as 120 days past due, closed and paid with a $0 balance was patently inaccurate or misleading); *Grossman v. Barclays Bank Delaware*, No. 12-6238 (PGS) (LHG), 2014 U.S. Dist. LEXIS 20149, at *35–36 (D.N.J. Feb. 18, 2014) (determining that reporting of closed account with $0 balance and 120 days past due status is not patently incorrect or materially misleading).[4]

This Court should follow the lead of the countless other courts to have already considered

---

[4] *Soler v. Trans Union, LLC*, No. CV 20-8459, 2021 U.S. Dist. LEXIS 245903 (C.D. Cal. Nov. 29, 2021) is distinguishable for the same reason. The *Soler* court failed to consider the credit report in its entirety and failed to evaluate other district court decisions analyzing the same issue. *See Khosa*, 2022 U.S. Dist. LEXIS 14475, at *7.

this issue and determine, as a matter of law, that it is not incorrect or materially misleading to report a historical past due pay status on an account that closed with a $0 balance. These cases specifically explain that the reporting of an "historic" pay status is not a violation of the FCRA because such information is neither inaccurate nor materially misleading, a required element for any FCRA claim.

Accordingly, because Plaintiff has not alleged facts showing his credit report was either patently incorrect or materially misleading, he has failed to make the threshold showing of inaccuracy under the FCRA and therefore failed to state a claim.[5]

## IV.     CONCLUSION

Plaintiff has failed to make the threshold showing of potential inaccuracy required for a reasonable juror to find a violation of the FCRA. Accordingly, Sheffield respectfully requests that this Court enter an order dismissing the complaint with prejudice.

Respectfully submitted,

Dated: June 9, 2022

/s/ *Daniel JT McKenna*
Daniel JT McKenna
Ballard Spahr LLP
1735 Market Street, 51st Floor
Philadelphia, PA  19103-7599
Telephone: (215) 665-8500
Facsimile: (215) 864-8999
mckennad@ballardspahr.com

Alan M. Ritchie
Pilgrim Christakis LLP
321 North Clark Street, 26th Floor
Chicago, IL 60654
Telephone: (312) 939-6580
Facsimile: (312) 939-0983
aritchie@pilgrimchristakis.com

---

[5]     Plaintiff cannot remedy the core failures of his case and, therefore, leave to amend would be futile. *See Glover v. Carr*, 949 F.3d 364, 367–68 (7th Cir. 2020) (reasoning leave to amend should be denied when the amended pleading would be futile).

*Attorneys for Defendant,*
*Sheffield Financial, a division of Truist Bank*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of June 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, and that notice of such filing was made electronically on all counsel of record.

                                                      */s/ Daniel JT McKenna*
                                                      Daniel JT McKenna