# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARCUS HEPPINSTALL, Plaintiff,** | **CIVIL ACTION** |
| **v.** | |
| **TD BANK USA, N.A., Defendant.** | **NO. 22-188** |

**O R D E R**

**AND NOW**, this 3rd day of June, 2022, upon consideration of Defendant's Motion for Judgment on the Pleadings (ECF No. 27), Plaintiff's Response in Opposition (ECF No. 28), and Defendant's Reply (ECF No. 29), it is **HEREBY ORDERED THAT** Defendant's Motion is **DENIED**.[1]

**BY THE COURT:**

**/s/Wendy Beetlestone, J.**

**WENDY BEETLESTONE, J.**

[1] In 2015, Plaintiff Marcus Heppinstall ("Heppinstall") incurred a $466 charge on the credit card issued to him by Defendant TD Bank USA, N.A. ("TD"). As the months passed, the bill remained unpaid, and in April 2016, TD charged off the debt, giving it up for lost. Then, in July 2020, Heppinstall defied the bank's expectations and paid his arrears in full. To Heppinstall's dismay, TD now refuses to update the information it furnishes to credit reporting agencies in the Status field of his Account, which still reads "Charge Off." Heppinstall alleges that TD has violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA") by failing to conduct a reasonable investigation into the dispute and continuing to furnish inaccurate and misleading information. TD brought a Motion for Judgment on the Pleadings under Federal Rule of Civil Procedure 12(c). To prevail, TD must show that "no material issue of fact remains to be resolved and that [it] is entitled to judgment as a matter of law." *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) (quoting *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 290-91 (3d Cir. 1988)).

Data furnishers must furnish accurate data. *SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 357 (3d Cir. 2011). A willful or negligent failure to modify or delete information found, upon notice and investigation, to be inaccurate, is cause for liability under FCRA. *Id.* at 358; 15 U.S.C. §§ 1681n, 1681o, 1681s-2(b). Information in a

credit report falls short of accuracy if it "creates a materially misleading impression . . . in such a way and to such an extent that it can be expected to have an adverse effect." *Seamans v. Temple Univ.*, 744 F.3d 853, 865 (3d Cir. 2014) (cleaned up) (citations omitted). The degree to which information is misleading is determined from the perspective of a reasonable creditor. *Fernandez v. Great Lakes Educ. Loan Servs.*, 2021 WL 3857864, at *3 (E.D. Pa. Aug. 30, 2021) (citing *Horsch v. Wells Fargo Home Mortg.*, 94 F. Supp.3d 665, 681 (E.D. Pa. 2015)). Accuracy is a question of fact, but may be determined as a matter of law if "only one reasonable interpretation exists." *Patterson v. Sterling Jewelers Inc.*, 2021 WL 4592158, at *2 (E.D. Pa. Oct. 6, 2021) (internal citations and quotation marks omitted).

TD's Motion must be denied because a genuine dispute of fact persists as to whether Heppinstall's credit report is so inaccurate or misleading that it "can be expected to have an adverse effect." *Seamans*, 744 F.3d at 865. Pointing to the balance amount of $0, the blank "amount past due" field, and an Additional Information section containing the comments "Paid Charge Off" and "Account Closed by Credit Grantor," TD proclaims that it would be "simply implausible" to read the Status field on Heppinstall's report to mean that the TD Account is currently (as opposed to historically) charged off. But TD's apparent use of the Status field to report the Account's former, rather than current status, when the report has an Account History section designed for that purpose, could reasonably mislead a creditor into believing that TD closed Heppinstall's Account as a charge off, not as paid in full. *See Sokol v. TransUnion, LLC*, 2022 WL 797017, at *3 (S.D. Fla. Mar. 16, 2022) ("While one might argue that a consumer who fails to ever bring an account current warrants an additional derogatory dent in his credit report, the same cannot be said for someone . . . who eventually, albeit belatedly, made good on the entirety of his arrears.").

TD's contention that the full context of the report eliminates any confusion serves only to underscore the dispute of fact about whether the Status field's ambiguity is sufficient to adversely affect Heppinstall's credit score. The Complaint alleges that creditors make credit lending decisions based on credit scores that are automatically generated by algorithms, and that these algorithms yield a lower score if the status field reads "charge off" instead of "closed," because that field "is specifically designed to be understood as the current status of the account." Whether and how Heppinstall's score was impacted by such algorithms' computation of the various fields in his credit report is relevant to the perspective of the reasonable twenty-first-century creditor, *Fernandez*, 2021 WL 3857864, at *3, which relies on such scores to screen credit applicants. As the Parties dispute these facts, the accuracy of Heppinstall's report cannot be determined as a matter of law and TD's Motion must be denied.