IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JAVIER ANGULO JR., | : | |
| Plaintiff, | : | Case No. 1:22-cv-00923 |
| v. | : | |
| EQUIFAX INFORMATION SERVICES, LLC; and TRUIST BANK d/b/a SHEFFIELD FINANCIAL, | : | |
| Defendants. | : | |

**DEFENDANT SHEFFIELD FINANCIAL'S REPLY BRIEF IN FURTHER SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendant Sheffield Financial, a division of Truist Bank (erroneously sued as "Truist Bank d/b/a Sheffield Financial") ("Sheffield"), by and through its undersigned counsel, respectfully submits this Reply Brief in Further Support of its Motion for Judgment on the Pleadings (the "Motion") and in response to Plaintiff's Response in Opposition to the Motion (the "Opposition").

**I.     INTRODUCTION**

Following the foundation laid by the courts in *Settles*, *Hernandez*, and *Gross*, courts across the country have repeatedly ruled that the "pay status" field on a credit report cannot be read in isolation and, when other credit report data makes clear that the pay status is historical, then it is not inaccurate or potentially misleading, thereby rejecting Plaintiff's exact claim. *See, e.g.*, *Bibbs v. Trans Union*, 521 F. Supp. 3d 569, 571–72 (E.D. Pa. 2021), appeal filed, No. 21-1350 (3d Cir. Feb. 24, 2021) ("As the judges in *Hernandez*, *Settles* and *Gross* explained, we must view the account information given to the creditor ***in its entirety***, and doing so, the reported information is accurate as a matter of law.") (emphasis added); *Gross v. Private Nat'l Mortg. Acceptance Co., LLC.*, 512 F. Supp. 3d 423, 426–27 (E.D.N.Y. 2021) ("If a creditor read the

'Pay Status' entry in isolation, the creditor might conclude that the account was currently past due. But when the creditor read the rest of the entries, the creditor would surely forego that conclusion. The credit report contains several other entries that show that the '30 Days Past Due' refers to the period when payments were due . . . ."); *Khosa v. Transunion*, No. 6:21-cv-00160-MC, 2022 U.S. Dist. LEXIS 14475, at *6 (D. Or. Jan. 26, 2022) (reasoning the pay status field must be interpreted against all data in the credit report); *Duren v. TransUnion, LLC*, No. 1:20-CV-02146-CL, 2021 U.S. Dist. LEXIS 149256, at *6–7 (D. Or. May 14, 2021) (same), *report and recommendation adopted*, 2021 U.S. Dist. LEXIS 151956 (D. Or. Aug. 12, 2021); *Hernandez v. Trans Union LLC*, No: 3:19cv1987-RV/EMT, 2020 U.S. Dist. LEXIS 249358, at *8 (N.D. Fla. Dec. 10, 2020) (same); *Settles v. Trans Union, LLC*, No. 3:20-cv-00084, 2020 U.S. Dist. LEXIS 220341, at *9–10 (M.D. Tenn. Nov. 24, 2020) (same).

Plaintiff asks this Court to ignore the plain logic of these decisions, and to read the pay status field in isolation in order to manufacture a FCRA claim. *See generally* Opposition. That is improper and leads to an impossible outcome that no reasonable juror could reach. Plaintiff's credit report shows that: (i) the Account's[1] balance is $0; (ii) the Account was "closed" as of January 1, 2020, and had no activity after that date; (iii) the amount past due is $0; (iv) the last payment was made on January 1, 2020, which brought the account balance to $0, and there was no activity after that date; (v) the Account has a debt-to-credit ratio of 0% (calculated by "dividing an account's reported balance by its credit limit"); (vi) the Account was thirty (30) days past due in March, July, and December 2019 (immediately prior to the closure of the Account); and (vii) the Account has no scheduled payment. Those data firmly establish that the Account is closed and the past due pay status reflects that the Account was *historically* past due

---

[1] Undefined terms share the same definition as in the Motion.

2

prior to the Account's closure. In light of these data, concluding that a closed account with a $0 balance, $0 past due, and no scheduled payment could *currently* be 30 days past due invites a patently ridiculous outcome. The cases cited by Plaintiff do not change this fact.

For the foregoing reasons, judgment should be entered in favor of Sheffield, and Plaintiff's complaint should be dismissed with prejudice and without leave to amend.

## II.    ARGUMENT

### A.    Sheffield Furnished Accurate Information.

Plaintiff's claim fails because no reasonable juror could be misled to believe the pay status field means "current" pay status or find the credit report to be patently inaccurate when all of the other data in the report clearly show the Account is closed with no payments due. *See*, *e.g.*, *Bibbs*, 521 F. Supp. 3d at 569 (determining reported information is neither inaccurate nor misleading); *Samoura v. Trans Union*, No. 20-5178, 2021 U.S. Dist. LEXIS 44669 at *1 (E.D. Pa Mar. 10, 2021) (finding the defendant did not report inaccurate or materially misleading information); *Parke v. Trans Union, LLC*, No. 2:20-cv-04487-ER (E.D. Pa Mar. 5, 2021) (construing facts in light most favorable to the plaintiff and drawing all inferences in his favor, the court concluded as a matter of law that the reported information was neither inaccurate nor misleading).

Numerous courts across the country have recently reached the same conclusion. *See, e.g.*, *Bibbs*, 521 F. Supp. 3d at 580; *Thompson v. Equifax Info. Servs.*, LLC, 441 F. Supp. 3d 533, 549 (E.D. Mich. 2020); *Gross*, 512 F. Supp. 3d at 427; *Khosa*, 2022 U.S. Dist. LEXIS 14475, at *6; *Duren*, 2021 U.S. Dist. LEXIS 149256, at *6–7; *Walker v. Trans Union LLC*, Nos. 20-5179 & 20-5235, 2021 U.S. Dist. LEXIS 236520, at *9–10 (E.D. Pa. Dec. 10, 2021); *Jackson v. Trans Union, LLC*, No. 21-023, 2021 U.S. Dist. LEXIS 235140, at *14–15 (E.D. Pa. Dec. 6, 2021); *Hernandez*, 2020 U.S. Dist. LEXIS 249358, at *8; *Settles*, 2020 U.S. Dist. LEXIS 220341, at *13; *Rider v. Equifax Info. Servs. LLC*, No. 2:19-cv-13660, 2020 U.S. Dist. LEXIS 99265, at *3–4 (E.D. Mich.

June 5, 2020).

The same result is warranted here. Like the plaintiffs in the above cases, Plaintiff's claim requires the Court to read the pay status data in isolation, and to ignore the other data which plainly demonstrate: (i) the Account's balance is $0; (ii) the Account was "closed" as of January 1, 2020, and had no activity after that date; (iii) the amount past due is $0; (iv) the last payment was made on January 1, 2020, which brought the account balance to $0, and there was no activity after that date; (v) the Account has a debt-to-credit ratio of 0% (calculated by "dividing an account's reported balance by its credit limit"); (vi) the Account was thirty (30) days past due in March, July, and December 2019 (immediately prior to the closure of the Account); and (vii) the Account has no scheduled payment. Answer, Dkt. 13, Ex. 1, pp. 40–42. Against this full and complete picture of the Account's reporting, no reasonable juror could conclude that a pay status of "Not More Than Two Payments Past Due" could mean the Account was *currently* past due. *See, e.g.*, *Bibbs*, 521 F. Supp. 3d at 580; *Samoura*, 2021 U.S. Dist. LEXIS 44669; at *1.

Plaintiff does not even attempt to distinguish any of the cases cited by Sheffield, thereby conceding their applicability. Instead, Plaintiff seeks to avoid the logic of those cases by pointing to the few outlier decisions that reached the opposite conclusion claiming those cases have "similar" facts. However, none of those cases have similar facts. To the contrary, each of those cases are readily distinguishable.

In *Smith v. Trans Union*, the credit report identified an amount past due with a zero balance, but no other markers to suggest the past due statement was historical. No. 20-4903, 2021 U.S. Dist. LEXIS 51937 (E.D. Pa. Mar. 19, 2021). Acknowledging *Bibbs*, *et al.*, the court considered all of the credit data and found that they could possibly mislead creditors because there was no statement to suggest it was an historical remark. *Id*. at *10. Here, it is expressly

stated in Plaintiff's credit report that the Account was closed in January 2020, nullifying any risk identified in *Smith*. In *Barrow v. Trans Union, LLC*, the Court likewise acknowledged *Bibbs, et al.*, and reviewed the entirety of the credit report, but found competing entries could be misleading based on "the state of the record in this matter at this time." No. 20-CV-3628, 2021 U.S. Dist. LEXIS 72503, at *1-2 (E.D. Pa. Apr. 9, 2021). Unlike the record in *Barrow*, here there are no contradicting entries in the data: (i) the Account's balance is $0; (ii) the Account was "closed" as of January 1, 2020, and had no activity after that date; (iii) the amount past due is $0; (iv) the last payment was made on January 1, 2020, which brought the account balance to $0, and there was no activity after that date; (v) the Account has a debt-to-credit ratio of 0% (calculated by "dividing an account's reported balance by its credit limit"); (vi) the Account was thirty (30) days past due in March, July, and December 2019 (immediately prior to the closure of the Account); and (vii) the Account had no scheduled payment. This information, when read as a whole, makes clear that there is nothing currently past due, which differs from the *Barrow* and *Smith* cases, and firmly establishes the historical nature of the pay status field.

The other cases cited by Plaintiff are also distinguishable. The decision in *Macik v. JPMorgan Chase Bank, N.A.*, No. G-14-044, 2015 U.S. Dist. LEXIS 185257 (S.D. Tex. May 28, 2015) is misguided, and has been firmly rejected by other courts addressing this issue. The *Macik* court held that the "account status" section of the report exclusively referred to the "current" status of the account based on internal guidelines utilized by the defendant in that case. *Id.* Those guidelines are inapplicable here.

The courts in *Diamond v. Austin Capital Bank*, No. 3:21-cv-547-CMC, 2022 U.S. Dist. LEXIS 111046 (D.S.C. Feb. 3, 2022), *Soler v. Trans Union, LLC*, No. CV 20-8459, 2021 U.S. Dist. LEXIS 245903 (C.D. Cal. Nov. 29, 2021), *Drexler v. Trans Union, LLC*, No. 8:20-cv-

2366-30JSS, 2020 U.S. Dist. LEXIS 248631 (M.D. Fla. Dec. 15, 2020), and *Mund v. Transunion*, No. 18-cv-6761(BMC), 2019 U.S. Dist. LEXIS 31289 (E.D.N.Y. Feb. 27, 2019) failed to consider all of the data in the credit reports.[2] Moreover, the *Soler* court relied significantly upon the credit reporting agency's decision to modify the account status from "Transferred; *was* 120 days past due date" (emphasis added) to "Account 120 Days Past Due Date," and determined that the decision to change the account status could be construed as misleading. *Soler*, 2021 U.S. Dist. LEXIS 245903, at *1. That fact is not at issue here,[3] and this Court should follow the majority of courts that considered the entire tradeline.

The court in *Huggins v. FedLoan Servicing*, denied the defendant's motion because of an underdeveloped record. No. 19-21731 (ES) (CLW), 2020 U.S. Dist. LEXIS 229920 (D.N.J. Dec. 2, 2020). Specifically, the court denied the motion because it did not have "the disputed tradeline submitted in the record," and reasoned that the courts that ruled in favor of the defendants in cases like *Settles*, *Grossman*, and *Schweitzer* (all cited in the Motion) had "additional information unavailable here," such as the disputed trade line. *Id.* at *16–17. Unlike *Huggins*, the trade line is properly before this Court.

In *Friedman v. Citimortgage, Inc.*, the trade line showed payments due of $360 per month (as opposed to just a history of late payments) despite the account being paid in full, which the court reasoned could mislead a potential creditor to believe there was an ongoing

---

[2] Additionally, the *Diamond* court appears not to have considered or reviewed *Bibbs*, *Thompson*, *Gross*, *Khosa*, *Duren*, *Walker*, *Jackson*, *Hernandez*, *Settles*, or *Rider*, and instead relied only upon several of the cases cited in Plaintiff's Opposition here.

[3] Plaintiff's attempt to tie this case to *Soler* by arguing that the term "'paid and closed,' is nowhere to be found in the credit report itself," Opp. at 8–9, is misguided. The credit report speaks for itself, and indisputably shows that the Account is marked as closed with a $0 balance in January 2020.

6

obligation. No. 18 CV 11173 (VB), 2019 U.S. Dist. LEXIS 149706 at *2–3, *8 (S.D.N.Y. Sept. 3, 2019). Here, there is no such issue. The tradeline clearly shows Plaintiff does not have any scheduled monthly payment.[4] The court in *Sokol v. Trans Union, LLC*, No. 21-23535-Civ-Scola, 2022 U.S. Dist. LEXIS 46923 (S.D. Fla. Mar. 16, 2022), denied the motion before it for a similarly unique reason not applicable here. The tradeline in *Sokol* stated that the account had a "maximum" delinquency date and listed the account in brackets to denote that it was considered adverse. *Id.* Neither situation is applicable to the instant case.

In sum, none of the cases cited by Plaintiff are applicable here. The Court should reject Plaintiff's invitation to ignore crucial facts and should follow the countless other courts that have already considered this exact issue and determined, as a matter of law, that it is not incorrect or materially misleading to report an historical past due pay status on an account that is closed with a $0 balance. *See, e.g.*, *Smith v. Transunion, LLC*, No. 6:21-CV-349-GAP-LRH, 2021 U.S. Dist. LEXIS 140392, at *5 (M.D. Fla. July 1, 2021) ("[T]he pay status section reflects historical information regarding a past delinquency and does not suggest that the Account is still open and past due.") These cases specifically explain that the reporting of an "historic" pay status is not a violation of the FCRA because such information is neither inaccurate nor materially misleading, a required element for any FCRA claim. Accordingly, Sheffield's Motion should be granted and

---

[4] Plaintiff's claim that the *Friedman* court held that "because CitiMortgage continues to report that plaintiff owes a balance—even if that balance is $0—and reports that balance as 120 days late, lenders believe plaintiff is currently delinquent, negatively affecting potential lenders' perception of plaintiff's creditworthiness," is appallingly misleading. What the court actually stated was: "***According to plaintiff***, because CitiMortgage continues to report that plaintiff owes a balance—even if that balance is $0—and reports that balance as 120 days late, lenders believe plaintiff is currently delinquent, negatively affecting potential lenders' perception of plaintiff's creditworthiness." *Id.* (emphasis added). The court did not adopt this position, as Plaintiff claims, it merely reiterated the plaintiff's position.

7

Plaintiff's complaint should be dismissed with prejudice.

### B. Plaintiff Should Not Be Granted Leave To Amend The Complaint.

While leave to amend a complaint should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), such leave may be denied "where the amendment would be futile." *Bower v. Jones*, 978 F.2d 1004, 1008 (7th Cir. 1992) (citing *Foman v. Davis*, 371 U.S. 178, 183 (1962)). "A new claim is futile if it would not withstand a motion to dismiss." *Divane v. Nw. Univ.*, 953 F.3d 980, 993 (7th Cir. 2020) (quoting *Vargas-Harrison v. Racine Unified Sch. Dist.*, 272 F.3d 964, 974 (7th Cir. 2001)). As set forth above, Plaintiff's claim of inaccuracy under the FCRA is barred and he cannot assert any set of facts to overcome that reality. Because Plaintiff cannot remedy the core failures of his case, leave to amend would be futile. *See Glover v. Carr*, 949 F.3d 364, 367–68 (7th Cir. 2020) (reasoning leave to amend should be denied when the amended pleading would be futile). Accordingly, the Court should deny Plaintiff leave to amend his complaint.

## III. CONCLUSION

Plaintiff has failed to make the threshold showing of potential inaccuracy required for a reasonable juror to find a violation of the FCRA. Accordingly, Sheffield respectfully requests that this Court enter an order dismissing the complaint with prejudice and without leave to amend.

Respectfully submitted,

Dated: July 1, 2022

/s/ *Daniel JT McKenna*
Daniel JT McKenna
Ballard Spahr LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: (215) 665-8500
Facsimile: (215) 864-8999
mckennad@ballardspahr.com

Alan M. Ritchie
Pilgrim Christakis LLP

321 North Clark Street, 26th Floor
Chicago, IL 60654
Telephone: (312) 939-6580
Facsimile: (312) 939-0983
aritchie@pilgrimchristakis.com

*Attorneys for Defendant,*
*Sheffield Financial, a division of Truist Bank*

# **CERTIFICATE OF SERVICE**

I hereby certify that on the 1st day of July 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, and that notice of such filing was made electronically on all counsel of record.

*/s/ Daniel JT McKenna*
Daniel JT McKenna